UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| Michael Hamblin,<br><br>    Plaintiff,<br><br>v.<br><br>Capio Partners, LLC,<br><br>    Defendant. | Case No. 1:23-cv-00580<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Michael Hamblin ("Michael"), is a natural person who resided in Amelia, Ohio, at all times relevant to this action.

2. Defendant, Capio Partners, LLC ("Capio"), is a Texas limited liability company that maintained its principal place of business in Sherman, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Capio collected consumer debts.

7. Capio regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of Capio's revenue is debt collection.

9. Capio meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases)*.

10. As described, *infra*, Capio contacted Michael to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Michael is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. On July 7, 2023, at 2:44 P.M. Capio called Michael twice within one minute. No voicemails were left.

14. That same day, after spending several hours filled with anxiety and stress, Michael returned the calls from Capio.

15. Capio's representative, who identified herself as "Sylvia," answered Michael's phone call. Sylvia did not identify herself as a debt collector. She provided Capio's fax number as 903-893-4825 upon Michael's request.

16. Being a survivor of financial trauma, Michael strongly desired to communicate only in writing with Capio and, on multiple occasions, expressed this sentiment by repeatedly requesting Capio's available fax numbers.

17. On multiple occasions, Michael attempted to fax to Capio a letter demanding, inter alia, no phone communication but, originally the fax line was repeatedly busy and didn't transmit.

18. Seeking a workable way to send a fax to Capio, Michael called Capio a second time.

19. On the second call to Capio, a representative answered, verified Michael's identity and refused to provide a working fax number and, despite Michael's pleas, transferred Michael to another collector.

20. The subsequent collector again verified Michael's identity, disclosed that she was a debt collector, but also refused to provide an alternative fax number. Instead, the collector turned the communication into exactly what Michael was attempting to avoid; a verbal communication in connection with the collection of a debt. Michael ended the call after he concluded that the collector refused to respond to his inquiry.

21. After this second call to Capio, Michael was unsure where or how he could dispute the alleged debt with Capio. After continuedly attempting to fax Capio his letter, he finally successfully faxed his letter. *See* Exhibit A.

22. Capio failed to mail Michael the federally mandated information within 5 days of the initial communication between Capio and Michael, as required by 15 U.S.C. §1692g.

23. Oddly enough, in response to Michael's fax, Michael received an apparent response from a totally different debt collection company ("AssetCare") regarding the same creditor. *See* Exhibit B.

24. Capio never mailed Michael notice of his consumer rights as required by, *inter alia*, 15 U.S.C. §1692g.

25. As a result of Capio's violations of Federal Law, and the confusion regarding why AssetCare was contacting him regarding the same creditor made Michael convinced Capio was an illegitimate debt collector and/or didn't have authority to collect the debt.

26. Michael's failure to pay the debt partially arose from the letters (and lack thereof) themselves because Michael believed Capio's involvement was fraudulent.

27. That harm would further materialize because Capio's actions caused Michael to expend time and money in reliance on the improper content of the letters and the lack of the requisite information, to ascertain what his options and possible responses could or should be.

28. Michael would have pursued a different course of action were it not for Capio's refusal to comply with Federal law.

29. Because of Capio's actions, the funds Michael could have used to pay all or part of the alleged debt were spent elsewhere.

30. Capio's collection efforts with respect to the debt caused Michael to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Michael with the legally protected right to be educated and have knowledge about important dates during the attempted collection of any consumer debt.

31. Capio's omissions during its collection efforts were material misrepresentations that affected and frustrated Michael's ability to intelligently respond to Capio's collection efforts.

32. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

33. As a result of Capio's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Michael has been damaged.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 33 above as if fully set forth herein.

35. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 33 above as if fully set forth herein.

37. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 33 above as if fully set forth herein.

39. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNT FOUR

### Violation of the Ohio Consumer Sales Practices Act

40. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 33 above as if fully set forth herein.

41. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

42. Defendant's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 and the substantive rules promulgated under the OCSPA.

43. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant under the OCSPA for treble damages, actual damages, non-economic damages, punitive damages and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   September 13, 2023

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (0079315)
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*